IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIAN KEITH ATKINSON,             *
PERSONAL REPRESENTATIVE
FOR THE ESTATE OF POLLY        *
ATKINSON,
                                       *
    Plaintiff,                              Civil Action No.: RDB 10-159
                                       *
      v.
                                       *
BAC HOME LOANS SERVICING, LP,
                                       *
    Defendant.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## **MEMORANDUM OPINION**

Plaintiff Brian Keith Atkinson ("Plaintiff"), Personal Representative for the Estate of Polly Atkinson ("Ms. Atkinson"), alleges that Defendant BAC Home Loans Servicing, LP ("BAC") violated the Truth in Lending Act, 15 U.S.C. § 1601 *et. seq*. ("TILA") and Federal Regulation Z, 12 C.F.R. § 226.34 (Counts I, II and III), as well as Section 12-127 of the Commercial Law Article of the Maryland Code (Count IV). Defendant BAC moves to dismiss the Amended Complaint or, in the alternative, seeks summary judgment on all counts. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons that follow, Defendant BAC's Motion to Dismiss (Paper No. 10) is GRANTED.

### BACKGROUND

In ruling on a motion to dismiss, "[t]he factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

Plaintiff Brian Atkinson challenges the legality of three mortgage loans and a home equity line of credit that his mother, Polly Atkinson, obtained between 2006 and 2008 from Countrywide Bank, FSB ("Countrywide").  Countrywide's loans are serviced by Defendant BAC.  The loans and the line of credit were secured by Ms. Atkinson's real property, which went into default after her death.

Until her death, Polly Atkinson ("Ms. Atkinson") owned a home located in Frederick, Maryland ("the Property").  Am. Compl. ¶¶ 3, 17.  On July 25, 2006, Ms. Atkinson refinanced her home by securing a $105,000 mortgage through Countrywide.  *Id.* ¶ 18.  Though Ms. Atkinson had a monthly income of $2,543.02 at that time, the documents in support of her application indicate her total income was $3,265.30.  *Id.* ¶ 20.  On September 19, 2006, Ms. Atkinson obtained a $22,000 second mortgage on her house.  *Id.* ¶ 23.  On November 26, 2007, Ms. Atkinson refinanced her home yet again, obtaining a $182,000 mortgage from Countrywide.  *Id.* ¶ 27.  The documents Ms. Atkinson submitted in support of this loan application state that her monthly income was $4,060.93 at that time, though her actual monthly income was $2,543.02.  *Id.* ¶ 32.  On June 16, 2008, Ms. Atkinson obtained a $16,750 Home Equity Line of Credit ("home equity loan") from Countrywide.  *Id.* ¶ 35.  In this loan application, Ms. Atkinson's monthly income is listed as $3,265.30, though her actual income was only $2,543.02.  *Id.* ¶ 36.

After Ms. Atkinson's death on April 15, 2009, Plaintiff was named the personal representative of her estate and appears to have stopped paying one or more of the loans at issue.  *Id.* ¶¶ 3, 17.  BAC subsequently instituted a foreclosure suit.  *Id.* ¶ 3.  On January 21, 2010, Plaintiff filed the pending Complaint, which he amended on February 18, 2010, alleging that BAC violated the Truth in Lending Act and Federal Regulation Z by "fraudulently us[ing] inflated income figures to qualify" Ms. Atkinson for the loans (Counts I, II and III) and violated the Maryland Code § 12-127 by failing to verify Ms. Atkinson's income (Count IV).

Accordingly, Plaintiff seeks repayment of all principal and interest payments Ms. Atkinson and her heirs made on the loans, to enjoin foreclosure proceedings against the Property, and to rescind and void the November 26, 2007 loan and the June 16, 2008 home equity line of credit.

## **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, a Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Thus, a court considering a motion to dismiss "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See Twombly*, 550 U.S. at 570 (stating that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (citations omitted)). Thus, even though Rule 8(a)(2) "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950.

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level."

3

*Twombly*, 550 U.S. at 555. The Supreme Court has explained recently that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 129 S. Ct. at 1949. The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1937. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

ANALYSIS

I. **Truth in Lending Act Claims (Counts I, II and III)**

Violations of TILA requirements give rise to remedies of both damages and rescission.

A. **Damages**

Plaintiff purports to bring claims for civil damages under the Truth in Lending Act and Regulation Z based upon the three mortgage loans Countrywide granted Ms. Atkinson between 2006 and 2007, and the home equity line of credit it provided her in 2008. Plaintiff admits in his Opposition brief, however, that the pertinent code provision, 12 C.F.R. 226.34, "is not applicable because this provision was enacted after the subject loans were originated." Opp'n 7. Ms. Atkinson obtained her most recent loan from Countrywide on June 16, 2008. The relevant section of Regulation Z was not made effective until October 1, 2009, well over one year later. Thus, Plaintiff is correct — his damages claims under TILA and Regulation Z cannot form the basis of a claim.

Plaintiff nonetheless asserts that this Court should "hear this case on the merits in an effort to fill the gap that exist[s] in the body of laws that have been enacted to protect consumers

4

from predatory lending practices." Opp'n 7. Even if this Court were to agree with Plaintiff's public policy argument, 15 U.S.C. § 1640(e) provides that a civil action for monetary damages under TILA must "be brought…within one year from the date of the occurrence of the violation," and the same one-year statute of limitations applies to violations of Regulation Z. 12 C.F.R. § 226.1(e) (2010).[1] Plaintiff did not file his Complaint until January 21, 2010, which is seventeen months after Ms. Atkinson obtained the June 16, 2008 home equity loan. Thus, Plaintiff's TILA and Regulation Z claims are time-barred because he filed his Complaint after the one-year statute of limitations had run.

### B. Rescission

Plaintiff appears to seek rescission of only the November 26, 2007 loan and the June 16, 2008 home equity line of credit. Am. Compl. 8. TILA grants consumers whose loans are secured by their principal dwellings the right to rescind their loan transactions "until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later …." 15 U.S.C. § 1635(a). 15 U.S.C. § 1635(f) provides that where the material disclosures and/or the required rescission notice are not delivered to the consumer, the right of rescission expires three years after the date of consummation of the transaction with certain exceptions that do not apply here.

Plaintiff does not state sufficient allegations in his Amended Complaint to maintain a rescission claim. Plaintiff does not make any allegations as to whether or not Ms. Atkinson received the required material disclosures or rescission forms after she obtained the November

---

[1] This Court may suspend the statute of limitations for TILA violations "until the plaintiff in the exercise of reasonable diligence discovered or should have discovered the alleged fraud or concealment" *Browning v. Tiger's Eye Benefits Consulting*, 313 F. Appx. 656, 663 (4th Cir. 2009) (citation omitted). Plaintiff does not, however, make any argument that the statute of limitations should be tolled.

26, 2007 loan and the June 16, 2008 line of credit.  Thus, it is unclear when Plaintiff actually received the material disclosures.  Without knowing if or when Ms. Atkinson received the material disclosures and the two copies of the notice of right to rescind, it is impossible to determine if Plaintiff's request for rescission was made within three days of the deliverance of the disclosures.  *See Rush v. Am. Home Mortg., Inc*., 2009 U.S. Dist. LEXIS 112530, at *21 (D. Md. Dec. 3, 2009).

Since Plaintiff's nonrecission claims under TILA and Regulation Z are time-barred, and Plaintiff fails to state sufficient allegations to maintain a rescission claim, these claims cannot survive a motion to dismiss.   Accordingly, there is no basis upon which this Court can grant injunctive relief.

## II.     State Law Claim (Count IV)

In addition to his TILA claims, Plaintiff asserts a claim under Section 12-127 of the Commercial Law Article of the Maryland Code.  Because Plaintiff's federal claims under TILA must be dismissed, this Court must determine whether to retain supplemental jurisdiction over his pendent state law claim.  *See* 28 U.S.C. § 1367(c)(3).  In addressing this issue, the Supreme Court has advised that "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over . . . pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citation omitted).  The Court added that when "the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Id*. (citation omitted).  For this reason, this Court declines to exercise supplemental

jurisdiction over plaintiff's remaining state law claim, which is hereby dismissed without prejudice.

## III. Leave to Amend

Plaintiff seeks to amend his Complaint a second time because "new information has surfaced that exposes the Defendant's actions to Maryland's Consumer Protection Act and expands the scope of this litigation." Opp'n at 17. This Court recognizes that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). However, "a district court may deny leave if amending the complaint would be futile." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Plaintiff seeks only to "include the Maryland Consumer Protection Act and any other Maryland law in an Amended Complaint." Opp'n at 18. As explained in Section II, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Thus, this Court finds that granting Plaintiff leave to amend the Complaint a second time is futile.

## CONCLUSION

For the reasons stated above, Defendant BAC's Motion to Dismiss (Paper No. 10) is GRANTED.

A separate Order follows.

Dated:   October 21, 2010                /s/_____
                                          Richard D. Bennett
                                          United States District Judge